UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Chapter 11
Villa Bellini Ristorante & Lounge, Inc.             Case No: 8-19-bk-06943
              Debtor,
_____/

Villa Bellini Ristorante & Lounge, Inc.

v.                                                  Adv Pro.

Ciro Mancini, Clarita Mancini, et al.
_____/

### DEBTOR'S NOTICE OF REMOVAL OF STATE COURT
### CIVIL ACTION TO BANKRUPTCY COURT

**PLEASE TAKE NOTICE** that **VILLA BELLINI RISTORANTE & LOUNGE, INC.** (the "Debtor") submits this *Notice of Removal* in accordance with Local Rule 9027-1, Rule 9027, Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 1452(a), and 28 USC §157(a) and respectfully represents as follows:

1. The Debtor filed a voluntary chapter 11 petition on July 24, 2019 (the "Chapter 11 Case") which is pending before the United States Bankruptcy Court, Middle District of Florida, Tampa Division. The Chapter 11 case is designated as Case No. 8:19-bk-06943. The Debtor is a debtor in possession pursuant to 11 U.S.C. §§1101, 1107 and 1108.

2. At the time of the commencement of the Chapter 11 Case, a state court civil action (the "Removed Civil Action") entitled *Villa Bellini Ristorante & Lounge, Inc. v. Ciro Mancini and Clarita Mancini,* Circuit Court, Sixth Judicial Circuit In and For Pinellas County, Florida, case no. 17-004644 was pending before the Sixth Judicial Circuit, Pinellas County, Florida, (the "State

1

Court"). The Removed Civil Action is designated as Case No.17-004644. The Removed Civil Action, until the filing of this Notice of Removal and the filing of a copy of this Notice of Removal with the State Court, was still pending before the State Court.

3. This Notice of Removal is accompanied by a copy of process and pleadings in the Removed Civil Action in accordance with Rule 9027(1) of the Federal Rules of Bankruptcy Procedure. The term "pleadings" is defined by Rule 7 of the Federal Rules of Civil Procedure. Copies of the above-mentioned process and pleadings are to be filed contemporaneously with the filing of this Notice of Removal. If additional documents relating to the Civil Action are required, the Debtor will submit such documents.

4. The Removed Civil Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court; and it is not a Civil Action by a governmental unit to enforce such governmental unit's police or regulatory power. The Civil Action was initiated prior to the commencement of the Chapter 11 case.

5. The Removed Civil Action is a civil proceeding related to the Chapter 11 case. The Bankruptcy Court presiding over the Chapter 11 case, pursuant to the general reference with respect to Title 11 cases in the Middle District of Florida and 28 U.S.C. § 157, has jurisdiction of each and every cause of action asserted in the Removed Civil Action under 28 U.S.C. § 1334. The Removed Civil Action involves claims and causes of action by the Debtor against Ciro Mancini and Clarita Mancini; and third-party claims (the "Third Party Claims") brought by Ciro Mancini against Vincent Addonisio, Marco Marzocca Cuni, Russell Quaglia and Francesco Arcieri (the "Third Party Defendants"). The Third Party Defendants, except Arcieri, are present or former

shareholders of the Debtor. Arcieri is the Debtor's longtime CPA and was sued in connection with accounting services provided to the Debtor.

6. The Third Party Claims are inextricably intertwined with the facts, issues and matters raised in the claims by the Debtor. All claims and causes of actions have a clear and direct impact on property of the estate under 11 U.S.C. § 541. Resolution of the claims asserted in the Removed Civil Action will significantly affect the administration of the estate and would involve the allowance or disallowance of the claims against the estate, counterclaims by the estate, attempts to obtain the property of the estate, and proceedings affecting the liquidation of assets of the estate and the adjustment of the debtor/creditor relationship and the equity security holder relationship. The Debtor consents to the entry of final orders or judgments by the bankruptcy court.

7. This Notice of Removal is filed less than ninety (90) days after the order for relief in the Chapter 11 case. As mentioned above, the Civil Action was pending when the Chapter 11 case was commenced. Each claim and cause of action in the Civil Action is related to the Chapter 11 case. Removal of each claim and cause of action of the Removed Civil Action to the Bankruptcy Court is authorized by 28 U.S.C. §§ 1452, 1334 and 157 and the General Order of the District Court for the Middle District of Florida referring bankruptcy matters to the United States Bankruptcy Court for the district. Removal is in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9027-1.

**WHEREFORE,** all parties to the Removed Civil Action pending in the State Court as Case No. 17-004644, are HEREBY NOTIFIED pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure, as follows: Removal of the Removed Civil Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the

Clerk of the State Court pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure. The Civil Action is removed from the State Court to the Bankruptcy Court presiding over the chapter 11 case. The parties to the Civil Action shall proceed no further in the State Court unless and until the action is remanded by the bankruptcy court.

DATED: August 28, 2019

Respectfully submitted,

_____
Michael P. Brundage, Esq.
Florida Bar No. 611621
BRUNDAGE LAW, P.A.
100 Main Street, Suite 204
Safety Harbor, Florida 34695
(727) 250-2488 telephone
mpbrundagelaw@gmail.com
Attorneys for Debtor and Debtor in Possession